IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD BARRETT, | : | CIVIL NO. 3:-09-CV-1017 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

**MEMORANDUM**

Plaintiff Gerald Barrett ("Barrett"), a former federal inmate incarcerated at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill"), initially filed this Federal Tort Claims Act ("FTCA") complaint, 28 U.S.C. § 1346(b), in the United States District Court for the District of Columbia on April 20, 2009. (Doc. 1.) The matter was electronically transferred to this court on May 29, 2009. (Doc. 3) Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), on the ground that the court lacks subject matter jurisdiction or, alternatively, for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the complaint will be dismissed for lack of subject matter jurisdiction.

I.  **Background**

Barrett initiated this action on April 20, 2009, "seeking redress under the Federal Tort Claim Act (FTCA) for injuries caused by the negligent or wrongful acts or omissions of defendant's employees while acting within the scope of their employment. . . ." (Doc. 1, at 1.) Specifically, he states as follows:

> I have had continuing problems with my foot. I had a diabetic related foot ulcer that was mistreated by the staff at FCI Schuylkill using Idycin. I have endured pain daily since July of 2007. The problem has been compounded by the fact that I was ignored for treatment many times. Therefore I am asking for a 5 million dollar settlement. ($5,000,000)
>
> I will never have the proper use of my foot and will have pain the rest of my life. This was due to inadequate care in the Bureau of Prisons.

(Doc. 1, at 4.) On February 23, 2008, he filed an administrative tort claim which was rejected for failure to sign the document. (Doc. 1, at 18.) He resubmitted the claim on March 27, 2008. (Doc. 1, at 19.) The claim was denied by regional counsel on September 23, 2008, with the following explanation:

> [Y]ou claim the medical negligence of Health Services staff at the Federal Correctional Institution (FCI) Schuylkill caused damage to your right foot and pain and suffering while housed at FCI Schuylkill from April 2007 until your transfer in March 2008.
>
> After careful review of this claim, I have decided not to offer a settlement. Investigation reveals that while at FCI Schuylkill you were evaluated numerous times, provided x-rays and diagnostics tests, seen by outside specialist, prescribed medications and therapy, and repeatedly educated on the importance of insulin compliance. There is no evidence to suggest you experienced a compensable loss as the result of negligence on the part of any Bureau of Prisons' employee. Accordingly, your claim is denied.
>
> If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum.

(Doc. 1, at 48.)

II. **Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a

complaint for "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) therefore challenges the power of a federal court to hear a claim or case. See Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006). In the face of a 12(b)(1) motion, the plaintiff has the burden to "convince the court it has jurisdiction." Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000); see also Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.").

III. Discussion

Through the FTCA, Congress has waived sovereign immunity for actions sounding in tort against the United States and its agencies. Pascale v. United States, 998 F.2d 186, 189 (3d Cir. 1993), thereby allowing tort claims against the United States for the acts of its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The FTCA requires a claimant, in any action against the United States for money damages due to the negligence or wrongful act of a government employee, to file a claim with the agency allegedly responsible for his injuries. See 28 U.S.C. § 2675(a). The agency may then pay the claim in full, offer to settle the claim, or deny the claim within six months. Id.; 28 U.S.C. § 2672. If the agency denies the claim or does not make a final disposition within six months, the claimant may then file suit in federal court. 28 U.S.C. § 2675(a). A tort claim against the United States, however, "shall be forever barred unless it is

3

presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Compliance with the statute of limitations is a jurisdictional requirement. See Roma v. United States, 344 F.3d 352, 362 (3d Cir.2003); Pascale, 998 F.2d 186 (3d Cir.1993). Additionally, the statute of limitations is strictly construed. See Barren v. United States, 839 F.2d 987, 992 (3d Cir. 1988). Thus, a plaintiff's failure to sue within the period of limitations recognized by § 2401(b) deprives a court of subject matter jurisdiction. Ahmed v. United States, 30 F.3d 514 (4th Cir. 1994).

Barrett bears the burden of demonstrating that subject matter jurisdiction exists. See Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir.2009) (citing Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971)). He identifies the date of the agency decision as September 23, 2008, and states that he "timely brings this action within the applicable 6 month period from the September 23, 2008 denial of his administrative tort claim." (Doc. 1, at 3.) He is mistaken. If one utilizes the date of issuance of the denial of his administrative tort claim, the applicable filing date would be on or before March 23, 2009. The action was not commenced until April 20, 2009. However, the statute requires that the action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim. Even liberally adding several days for mailing, does not cure the deficiency as in excess of twenty days elapsed prior to filing. Barrett has not met his burden

4

of demonstrating the existence of subject matter jurisdiction. Consequently, this action is barred by the time limits of the Federal Tort Claims Act and this court lacks subject matter jurisdiction.

An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: May 28, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GERALD BARRETT, : CIVIL NO. 3:-09-CV-1017
    Plaintiff :
: (Judge Munley)
v. :
:
UNITED STATES OF AMERICA, :
    Defendant :

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this ___ day of May 2010, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) is GRANTED and the complaint is dismissed in its entirety.

2. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court